# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARAY TYREE CROWDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-18-923-SLP |
| BILL GRAVES et al., | ) ) ) |
| Defendants. | ) |

## **O R D E R**

Plaintiff Sharray Tyree Crowder filed this 42 U.S.C. § 1983 suit against former Oklahoma County Judge Bill Graves, the Oklahoma Court of Criminal Appeals, Oklahoma Governor Kevin Stitt, and various other persons associated with the Oklahoma County court system. *See* Am. Compl., Doc. No. 12. Also included were attorneys who represented Plaintiff in conjunction with the state-court criminal trial that resulted in his imprisonment and for which he later sought post-conviction relief in state court (the denial of which led to the instant federal action). Pursuant to 28 U.S.C. § 636, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation [Doc. No. 14], in which she recommended that Plaintiff's claims be dismissed without prejudice due to his failure to state claims upon which relief may be granted. *See* R. & R., Doc. No. 14 (applying 28 U.S.C. § 1915(e)(2)(B)(ii)). Plaintiff thereafter filed his Objection [Doc. No. 18] to the R. & R., as well as his Amended Objection [Doc. No. 19].[1]

---

[1] Because Plaintiff is proceeding pro se, the Court will consider both objections, despite that they were both filed out of time and despite Plaintiff failing to identify any procedural basis for filing multiple objections to the R. & R. *Compare* Order of July 29, 2019, Doc.

The Court reviews de novo those portions of the R. & R. to which Plaintiff made specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having done so, the Court finds that Judge Mitchell's R. & R. should be adopted.

The instant case is brought pursuant to 42 U.S.C. § 1983. That statute allows for the imposition of liability when "[any] person . . . under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Key to stating a § 1983 claim is an alleged violation of federal law or of the U.S. Constitution that can be addressed via § 1983. *See D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (per curiam) ("[Section] 1983 affords a remedy for violations of federal law and does not provide a basis for redressing violations of state law." (quotation marks and citation omitted)). Thus, the applicable standard that the Court must apply is that recognized by Judge Mitchell in the R. & R.: "[A]n indigent defendant is entitled to a free transcript of his trial when directly appealing the judgment from that trial. But no such entitlement attaches in a collateral attack on the same judgment"—at least that is enforceable via § 1983 until a nonfrivolous claim is shown to exist. *Kilgore v. Weatherly*, 500 F. App'x 799, 800 (10th Cir. 2012) (unpublished) (citing *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam)); *see also Nortonsen v. Larimer Cty. Dist.*

---

No. 17 (extending Plaintiff's deadline to file his objection to the R. & R. to August 31, 2019), *with* Obj., Doc. No. 18 (mailed on September 3, 2019, and filed September 5, 2019), *and* Am. Obj., Doc. No. 19 (mailed on September 6, 2019, and filed September 10, 2019).

*Ct.*, 178 F. App'x 783, 783 (10th Cir. 2006) (unpublished) ("Criminal defendants have an absolute right to a trial transcript for direct appeals, but, if they are seeking postconviction collateral relief, they must first demonstrate a nonfrivolous claim." (citing *Ruark*, 958 F.2d at 319)); *Ruark*, 958 F.2d at 319 ("The [U.S. Supreme Court in] *MacCollom* . . . expressly cited circuit court opinions which held that indigent petitioners seeking collateral relief did not have unlimited access to trial transcripts." (discussing *United States v. MacCollom*, 426 U.S. 317, 327 n.5 (1976)));[2] *cf. Wright v. Curry*, 122 F. App'x 724, 725 (5th Cir. 2004) (per curiam) (unpublished) ("[A state prisoner] does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date." (quotation marks omitted) (quoting *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971))).

*Nortonsen* is nearly identical to this case factually. There, a state court prisoner "filed a pro se 42 U.S.C. § 1983 complaint alleging that [state courts and associated officials] had unconstitutionally denied him free copies of court transcripts and other documents that he claims [they] possessed," and "[h]e wishe[d] to access the transcripts and documents to pursue post-conviction relief in state court." *Nortonsen*, 178 F. App'x at 783. The "district court dismissed [his] claim as legally frivolous," and the Tenth Circuit affirmed. *Id.* (quotation marks omitted).

---

[2] Although *Ruark* involved a 28 U.S.C. § 2254 habeas corpus action, it has been cited by the Tenth Circuit in § 1983 cases. *See Kilgore*, 500 F. App'x at 800; *Nortonsen*, 178 F. App'x at 783.

Here, Plaintiff engaged in a direct appeal to the Oklahoma Court of Criminal Appeals, but his convictions were affirmed. The state court proceeding he now seeks to engage in is collateral, so he lacks unlimited entitlement to provision of a copy of a trial transcript, despite his assertion of indigency—at least under the federal statutes and the U.S. Constitution which are the legal authorities at issue in this case. Plaintiff did not show the existences of a nonfrivolous claim in the state court proceeding, so no right to a free copy of his trial transcript exists which can form the basis for a nonfrivolous § 1983 claim in this Court. *See Nortonsen*, 178 F. App'x at 783. The Court has reviewed the legal authorities cited by Plaintiff in his Objection [Doc. No. 18] and in his Amended Objection [Doc. No. 19], but none leads the Court to a different conclusion than that reached by Judge Mitchell in the R. & R. [Doc. No. 14]. To the extent Plaintiff intends to assert a broad-brush claim that he should be found indigent by the state court or provided relief by one of the other defendants named in his amended pleading, Plaintiff has not indicated any need or reason for such a finding by the state court or for an action by one of the other defendants except for the eventual satisfaction of his request that a trial transcript be provided to him at no cost (an alleged need addressed *supra*). Thus, the analysis of whether a § 1983 claim can exist for non-provision to Plaintiff of a trial transcript at no cost at this stage of the state court proceeding based on his showing made in the state court proceeding addresses the entirety of Plaintiff's claims in his Amended Complaint.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 14] is ADOPTED by the Court, and Plaintiff's Objection [Doc. No. 18] and Amended Objection [Doc. No. 19] thereto are OVERRULED.

IT IS FURTHER ORDERED that Defendant's § 1983 claims are DISMISSED WITHOUT PREJUDICE. A separate judgment will be entered contemporaneous herewith.

IT IS SO ORDERED this 16th day of December, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE